# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CECELIA VENZOR BERNAL,

     Plaintiff,

vs.                          No. 1:21-CV-00608 ___-___

FORD MOTOR COMPANY and
U-HAUL CO. OF NEW MEXICO, INC.,

     Defendants.


## NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

Defendant Ford Motor Company ("Ford") submits this timely-filed Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.* Diversity jurisdiction exists in this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, and because the true parties to this action – Ford and Plaintiff – are diverse. As set forth below, U-Haul Co. of New Mexico ("UHNM") has been fraudulently joined, and thus, for purposes of determining diversity, UHNM's citizenship should be ignored. In further support hereof, Ford states as follows:[1]

### A. Background

1. Plaintiff filed its Complaint naming UHNM and Ford as defendants on May 7, 2021, in the Sixth Judicial District of the State of New Mexico, County of Luna, Case No. D-619-CV-2021-00108. The copy of the Civil Docket Sheet and all process, pleadings, and orders filed (or

---

[1] Defendant U-Haul Co. of New Mexico, Inc. consents in writing to this Notice of Removal, as evidenced by the noted consent of its counsel of record on this Notice of Removal.

served upon Ford) from Case No. D-619-CV-2021-00108 is attached as **Exhibit 1.**[2]   To the extent Exhibit 1 does not comply with D.N.M.LR-Civ. 81.1(a), Ford will do so within the twenty-eight-day period provided by that rule.  Ford was served with process on June 1, 2021.  On June 18, 2021, UHNM timely filed and served its Answer, in which it denied "that it supplied the subject U-Haul tow dolly equipment being used at the time of the subject crash or that UHNM had any dealings or other interactions with Ezequiel Delgado Jr. or Plaintiff in any way related to the rental of the subject tow dolly."  *See* Exh. 1, at ¶ 5 of DEFENDANT U-HAUL CO. OF NEW MEXICO, INC.'S ANSWER.

2.   According to PLAINTIFF'S COMPLAINT FOR DAMAGES, no citizenship is alleged for Plaintiff Cecelia Venzor Bernal ("Bernal"), but the NM State Police Accident Report states she is domiciled in the State of Texas.  *See* **Exhibit 2**.  Thus, for diversity purposes, Bernal is a citizen of Texas.  *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).

3.   Ford is a Delaware corporation with its principal place of business in Michigan, and is thus deemed to be a citizen of Delaware and Michigan for diversity purposes.  *See* 28 U.S.C. § 1332(c)(1); *see also Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 799 (10th Cir. 2000).

4.   Plaintiff's Complaint at ¶ 5 alleges that UHNM is a New Mexico corporation doing business in New Mexico, and thus UHNM would be deemed a citizen of New Mexico for diversity purposes.  *See* Ex. 1; *id*.

---

[2] On June 29, 2021, Ezequiel Delgado Jr. filed a motion to intervene in the proposed capacity of an Intervenor-Plaintiff.  No ruling had been made on that motion as of the filing of this Notice of Removal.  To the extent relevant, Mr. Delgado has the same residence and citizenship as Plaintiff Cecelia Venzor Bernal, i.e., the State of Texas.  *See* Exh. 2 (NMSP Accident Report).  Thus, his presence as a party would have no impact on this diversity removal.

**B.  Grounds for Removal**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).  Removal of this action is proper pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between Ford and Plaintiff – the true parties to this action – and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.  This is a product liability action where Plaintiff claims damages for her alleged injuries and related damages incurred in and/or as a result of the subject incident – Plaintiff is now a quadriplegic.  In determining the amount in controversy, the Court should look to the "allegations of the complaint, or, where they are not dispositive, by the allegations of the notice of removal."  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  "A defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake."  *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008).  The Court may look to the substance and nature of the injuries and damages described in the pleadings.  *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000).  In this type of product liability case involving an alleged wrongful death, the amount in controversy well exceeds $75,000.00.  In this case specifically, Plaintiff claims that Ford is liable for alleged physical and emotional pain and suffering and the personal injuries and medical bills of Bernal, as well as her economic and hedonic damages.  *See e.g.,* Ex. 1, at Complaint ¶ 72.  Additionally, Plaintiff has claims for punitive damages against Ford, which could alone exceed the jurisdictional amount of $75,000.00, if proven.  *Id*. at ¶ 74.  Thus, Ford affirmatively states that the amount in controversy exceeds $75,000.00, a statement which Plaintiff will surely not dispute.

2.   For purposes of federal diversity jurisdiction, Plaintiff has the citizenship set forth above in Paragraph A(2), and Ford has the citizenship set forth above in Paragraph A(3), and UHNM has the citizenship set forth above in Paragraph A(4).

3.   However, as explained in more detail in paragraph 5 below, UHNM is not a proper party and is fraudulently joined.  Plaintiff has joined UHNM and attempted to defeat diversity jurisdiction, but there is no possibility of any viable claim against UHNM, and as a consequence the citizenship of UHNM should be disregarded by this Court in determining the existence of diversity jurisdiction over this action.  *See Provencio v. Mendez*, 2005 U.S. Dist. LEXIS 39012, at *25 (D.N.M. Sept. 29, 2005) (Browning, J.) (stating that "there must be no possibility the [p]laintiffs have a claim against [the non-diverse defendant]"); *see also Montano v. Allstate Indemnity*, 211 F.3d 1278, 2000 U.S. App. LEXIS 15159, at *4-6 (10th Cir. Apr. 14, 2000) (unpublished).

4.   Plaintiff has alleged that UHNM "supplied the brakeless tow dolly that the truck was towing at the time of the crash." Exh. 1, at Complaint ¶ 5.  Plaintiff has also alleged that UHNM is liable because "it designed, manufactured, and rented the subject trailer without brakes," it owed a common law duty to Bernal, that the tow dolly was defective and unreasonably dangerous, thus allegedly subjecting UHNM to negligence, negligence per se, and strict liability claims for damages.  *Id*. ¶¶ 57, 59, 62, 64, 69.   However, the subject tow dolly was not owned by or rented from UHNM, but instead was owned by and rented from a U-Haul location in Tucson, Arizona, which is owned by U-Haul Co. of Arizona – an Arizona corporation with its principal place of business in Arizona.  **Exhibit 3**, at ¶¶ 2, 5-8 (Affidavit of Wesley Chadwick). The subject tow dolly also was not designed or manufactured by UHNM, but instead was

designed and manufactured by U-Haul International, Inc.[3] – a Nevada corporation with its principal place of business in Nevada. *Id*. at ¶¶ 3-4. Put simply, UHNM was not the owner or lessor of the subject tow dolly involved in the subject accident, and UHNM had no involvement with that tow dolly or Plaintiff in any way that would provide any basis for the claims alleged by Plaintiff in this case against UHNM as an (incorrectly) alleged supplier of the subject tow dolly. *Id*. at ¶¶ 9-13. There is "no possibility" that Plaintiff has a claim against UHNM (the diversity-jurisdiction-defeating defendant in this case). *See Provencio*, 2005 U.S. Dist. LEXIS 39012, at *25.

5. Thus, ignoring the fraudulently joined UHNM, this case is removable because it is an action between "citizens of different States." 28 U.S.C. § 1332(a)(1). Moreover, "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Plaintiff is a citizen of Texas, and Ford is a citizen of Delaware and Michigan. Thus, complete diversity exists and removal is proper. *See Lucero v. WW2, LLC*, 2004 U.S. Dist. LEXIS 34482, at *2 (D.N.M. 2005) (Black, J.).

6. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) since, *inter alia*, it was filed within 30 days of service of Plaintiff's Complaint on Ford.

7. A copy of this Notice of Removal is being filed with the Clerk of the Sixth Judicial District of the State of New Mexico, County of Luna.

8. Ford demands that the trial of this matter in federal court be heard by a full jury.

9. The Civil Cover Sheet is attached as **Exhibit 4**.

---

[3] U-Haul International, Inc. is also responsible for the labeling and warnings for the subject tow dolly. *Id*. at ¶¶ 4, 13.

**WHEREFORE**, Defendant Ford Motor Company requests that the action now pending in the Sixth Judicial District of the State of New Mexico, County of Luna, as Case No. D-619-CV-2021-00108, be removed from that state court to this United States District Court.

Respectfully submitted,

SNELL & WILMER L.L.P.

By _____
Todd Rinner
201 Third St. NW #500
Albuquerque, New Mexico 87102
trinner@swlaw.com
*Attorneys for Defendant Ford Motor Company*

**Consenting to Removal**:

By: signature approval received on 7/1/2021 for Mr. Bailey
J. Chandler Bailey
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
400 20th Street North
Birmingham, AL 35203
205-581-1515
cbailey@lightfootlaw.com

and

H. Brook Laskey
MCCOY LEAVITT LASKEY LLC
317 Commercial St. NE Ste. 200
Albuquerque, NM 87102
505-262-0455
blaskey@mlllaw.com
*Counsel for Defendant U-Haul of New Mexico, Inc.*

I hereby certify that the foregoing was submitted for e-filing and e-service on all counsel of record via the Court's CM/ECF electronic filing and service system on July 1, 2021, which caused all counsel of record to be served by electronic means to their respective email addresses of record, as more fully reflected on the Notification of Service generated by the Court's CM/ECF system, with copies also emailed to all known counsel of record for the parties this same date.

Todd E. Rinner